# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                            **CASE NO: 6:22-cr-95-PGB-DCI**

**JASON AARON BEATY**
_____/

## ORDER

This cause is before the Court on Defendant Beaty's Motion to Dismiss the Superseding Indictment. (Doc. 91 (the "**Motion**")). The Government submitted a Response in Opposition. (Doc. 94 (the "**Response**")). Upon due consideration, the Defendant's Motion is denied.

**I.     BACKGROUND**

   **A.     The First Motion to Dismiss**

The Defendant was initially charged with two firearm offenses. (Doc. 17). In the first count, the Defendant is charged with possessing a firearm knowing he was an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). (*Id*.). And in Count Two, the Defendant is charged with knowingly possessing two silencers, a rifle with a barrel length of less than 16 inches, and with failing to have these items registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. (*Id*.).

As to the first count, the Defendant raised a facial challenge claiming § 922(g)(3) is unconstitutionally vague and violates the Fifth Amendment guarantee

of due process. (Doc. 42). Defendant Beaty also argues that decisions issued by the Eleventh Circuit Court of Appeals addressing the meaning of the term "unlawful user of a controlled substance" undermines separation of powers, and that the statute's prohibition is not rooted in the Second Amendment's text and history. (*Id.*). Finally, the Defendant claims § 922(g)(3) is unconstitutional because Congress exceeded its authority under the Commerce Clause. (*Id.*).

As for Count Two, the Defendant asserts that the prohibition on possession of unregistered firearms and possession of a silencer is not rooted in the Second Amendment's text and history, rendering it unconstitutional. (*Id.*). And he claims taxation and registration of short-barreled rifles and silencers imposes an unconstitutional burden on rights protected by the Second Amendment. (*Id.*). The Court considered and rejected the Defendant's arguments and denied the motion to dismiss. (Doc. 62).

**B.     Motion to Dismiss the Superseding Indictment**

The Government obtained a superseding indictment which modifies Count One to incorporate the prohibition against possession of a firearm by "an unlawful user *and* addict of a controlled substance." (Doc. 73 (emphasis added)). In all other respects the Superseding Indictment mirrors the Indictment. Defendant Beaty now moves to dismiss the Superseding Indictment as far as it incorporates the prohibition against possessing a firearm while being an "addict of a controlled substance." (Doc. 91). The Defendant reiterates his prior argument that § 922(g)(3) is unconstitutionally vague and violates the Fifth Amendment, relying on the

2

arguments advanced in his first motion to dismiss. (*Id.* at p. 2). And he asserts both facial and as-applied challenges to § 922(g)(3)'s prohibition against possession of a firearm by an addict of a controlled substance.[1] (*Id.*). Defendant Beaty also contends the prohibition against addicts possessing a firearm is not rooted in the Second Amendment's text and history (*Id.* at p. 4), and that the statute exceeds Congress's constitutional authority under the Commerce Clause. (*Id.* at p. 6).

## II.  DISCUSSION

### A.  Fifth Amendment and Vagueness[2]

The Eleventh Circuit has held that typically one may not challenge a statute as vague on its face unless it implicated the First Amendment, with the exception being that a facial challenge is permissible where the statute is so vague as to "proscribe no comprehensible course of conduct at all." *See United States v. Marte*, 356 F.3d 1336, 1342 (11th Cir. 2004); *United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1997); (Doc. 62, p. 5). The undersigned previously found that *Johnson v. United States*, 576 U.S. 591 (2015), which addresses the constitutionality of the residual clause of the ACCA, does not alter this analysis. (Doc. 62, pp. 7–8). And this Court has declined to following the reasoning and holding in *United States v. Morales-Lopez*, No. 2:20-cr-27-JNP, 2022 WL 2355920 (D. Utah June 30, 2022). (*Id.* at pp. 6–8, 11–15).

---

[1]  The Defendant does not reassert his challenge to the constitutionality of Count Two since the Court has previously ruled on the issue. (Doc. 91, p. 2, n.1).

[2]  The Court's analysis in denying the Defendant's motion to dismiss the indictment is incorporated by reference. (Doc. 62).

3

Even so, the Defendant continues to rely on the flawed reasoning of *Morales-Lopez* by arguing that like "'unlawful user of', the statutory text—'addicted to'—fails to give the ordinary person fair notice of the conduct it punishes and is so standardless that it invites arbitrary enforcement." (Doc. 91, p. 3). The Court explained in its Order denying the Defendant's motion to dismiss the original indictment that when one applies the basic rules of statutory construction, the term "addicted to" is not unconstitutionally vague and does not violate the Fifth Amendment. (Doc. 62, pp. 9–15). The ordinary meaning of addict (or addiction) is defined as "a compulsive, chronic, physiological, or psychological need for a habit-forming substance, behavior, or activity having harmful physical, psychological, or social effects and typically causing well-defined symptoms (such as anxiety, irritability, tremors, or nausea) upon withdrawal or abstinence." *Addiction*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/addiction (last visited Jan. 17, 2023).

Moreover, as the Government points out in its Response the term "user" is defined in a federal regulation implementing the statute. 27 C.F.R. § 478.11; *United States v. Seiwert*, No. 20-CR-443, 2022 WL 4534605, at *2 n.2 (N.D. Ill. Sept. 28, 2022); (Doc. 94, p. 2). And Congress defined the term "addict" in 21 U.S.C. § 802(1): "[t]he term 'addict' means any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction." 21 U.S.C. § 802(1); (*see* Doc. 94, p. 3). In *United States*

4

*v. Monroe*, 233 F. App'x 879, 881 (11th Cir. 2007), the Eleventh Circuit rejected a vagueness challenge to § 922(g)(3) where the defendant had smoked crack cocaine in the days and weeks leading up to his arrest, similar to the facts at issue here.[3] Here, Defendant Beaty is alleged to have used cocaine daily over the 6–7 months preceding his arrest, and cocaine was located in his residence. Moreover, the Government intends to offer at trial video recordings showing the Defendant's erratic behavior and declining physical appearance consistent with drug abuse.

The Court agrees ordinary people would understand that one who uses controlled substances with such regularity as to endanger the public morals, health, safety, or welfare, or who has lost the power of self-control with reference to such use is an addict and is prohibited from possessing a firearm. Accordingly, the Court disagrees with the Defendant's contention that "[n]o judicial interpretation can save § 922(g)(3) from vagueness" and rejects the Defendant's facial and as-applied challenge. (Doc. 91, p. 3).

**B. Second Amendment's Text and History**

The Defendant also submits that § 922(g)(3)'s "addict of a controlled substance" prohibition is not part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. (Doc. 91, p. 4). That is, the Defendant contends his right to keep and bear arms for self-defense is protected by the Second Amendment notwithstanding his alleged addiction to narcotics. (*Id.* (citing *N.Y.*

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

5

*State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122, 2125 (2022); *District of Columbia v. Heller*, 554 U.S. 570 (2008)). He reasons that the plain text of the Second Amendment covers and presumptively protects his conduct, and that those addicted to a controlled substance are among "the people." (*Id.* at p. 6). The Defendant asserts "[t]he government cannot affirmatively prove a robust historical tradition of 'distinctly similar historical regulation[s]' from the Colonial era, and therefore § 922(g)(3) is unconstitutional." (*Id.*).

As discussed in the Court's previous Order, the Supreme Court in *Heller* made clear that "nothing in [this] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings." 554 U.S. at 626. And, as the Government argued, "habitual lawbreakers" are excluded from "the people" covered by the Second Amendment. (Doc. 49, p. 4); *see United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010) (quoting Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 LAW & CONTEMP. PROBS. 143, 146 (1986)); *see also* THOMAS M. COOLEY, A TREATISE ON CONSTITUTIONAL LIMITATIONS 40 (Boston, Little Brown & Co. 1890).

In *United States v. Wilson*, 979 F.3d 889, 916 (11th Cir. 2020), the Eleventh Circuit held "[a] conviction under § 922(g)(3) requires a showing that a defendant's use of a controlled substance is 'ongoing and contemporaneous with the commission of the offense.'" Therefore, an "unlawful user" of controlled substances, under § 922(g)(3), is a person who is habitually breaking the law and

6

as to whom the Second Amendment's protections do not apply. Similarly, an addict is one who unlawfully uses controlled substances on an ongoing, frequent, or habitual basis. Thus, an addict is a habitual lawbreaker. Therefore, this Court joins the Seventh, Eighth, and Tenth Circuits, and many district courts, in holding that Section "922(g)(3) is the kind of 'longstanding prohibition[] on the possession of firearms' preserved in *Heller*." *United State v. Seay*, 620 F.3d 919, 924–25 (8th Cir. 2010) (citations omitted); (*see* Doc. 94, pp. 4–6).

The Court pauses to address two district court decisions mentioned by the Defendant, *United States v. Harrison*, No. CR-22-00328-PRW, 2023 WL 1771138 (W.D. Okla. Feb. 3, 2023), and *United States v. Connelly*, No. 22-CR-00229-KC, 2023 WL 2806324 (W.D. Tex. Apr. 6, 2023), for the premise that § 922(g)(3)'s "unlawful user" prohibition violates the Second Amendment. Neither district court decision is dispositive here because neither address the "addict of controlled substance" clause, and both operate from the presumption that § 922(g)(3) prohibits a former user or former addict of controlled substances from possessing a firearm. *Harrison*, 2023 WL 1771138, at *8; *Connelly*, 2023 WL 2806324, at *7. However, this Court and the Eleventh Circuit have concluded that an "unlawful user" requires proof that the use of a controlled substance is "ongoing and contemporaneous with the commission of the offense." *Wilson*, 979 F.3d at 916 (quotations omitted). And the plain meaning of "addict" is one who is currently addicted to a controlled substance. Moreover, both "unlawful user" and "addict" are parts of speech framed in the present tense and neither prohibits individuals

7

who formerly used or who were previously addicted to controlled substances from possessing a firearm. Thus, the regulated conduct here is like the 1655 law from colonial Virginia and six state territorial laws enacted between 1868 and 1899 that "categorically prohibit[ed] the intoxicated 'from possessing firearms.'" The Western District of Oklahoma and the Western District of Texas have found such laws to be consistent with the historical tradition that delimits the outer bounds of the right to keep and bear arms. *Harrison*, 2023 WL 1771138, at *6; *Connelly*, 2023 WL 2806324, at *7.[4]

Accordingly, § 922(g)(3)'s prohibition on possession of a firearm by an addict of a controlled substance is regulated conduct consistent with the Nation's historical tradition and is therefore constitutional.

### C. Commerce Clause

Defendant Beaty repeats the argument raised in his prior motion to dismiss that § 922(g)(3) is unconstitutional because Congress exceeded its authority under the Commerce Clause. (Doc. 42, pp. 23–25; Doc. 91, pp. 6–7). This time, the Defendant cites Justice Thomas' concurring opinion in *Sackett v. Environmental Protection Agency*, 143 S. Ct. 1322, 1337–59 (2023), for the proposition that Congress's ability to regulate commerce does not extend to "all economically gainful activity that has some attenuated connection to trade or exchange." (Doc.

---

[4] The Court in *Harrison* voiced concern that the prohibition against unlawful users of controlled substances possessing firearms could extend to those who are not actively impaired or actively using the substance. *Harrison*, 2023 WL 1771138, at *7. As discussed, in § 922(g)(3), "unlawful user" and "addict of controlled substance" are present tense and encompass ongoing drug use.

91, p. 7). Defendant Beaty reasons that "[m]ere possession of a firearm is not an economic activity"; therefore, § 922(g)(3) exceeds Congress's power to regulate under the Commerce Clause. (*Id.* at p. 8).

The Defendant's reliance on Justice Thomas' dicta in *Sackett* is unhelpful. The issue before the Supreme Court in *Sackett* concerns the Clean Water Act's (**"CWA"**) use of the phrase "the waters of the United States" and thus the reach of the CWA. 143 S. Ct. at 1329, 1354. Justice Alito, writing for the majority, interpreted the CWA's reference to "navigable waters" and "the waters of the United States" by applying traditional principles of statutory construction and without discussing the scope of conduct regulated by the Commerce Clause. *Id.* at 1337–1344. In his concurring opinion, Justice Thomas expands the analysis to delve into the balance between federal authority derived from the Commerce Clause versus the States' traditional sovereignty over their waters. *Id.* at 1346. Justice Thomas does not speak for the majority, and his discussion of the CWA and Congress's traditional authority over navigable waters is not binding. Similarly, Justice Thomas' observation that "[w]hat happened to the CWA is indicative of deeper problems with the Court's Commerce Clause jurisprudence," his interpretation of the meaning of the term "commerce" at the time of the founding, and Justice Thomas' opinion that the original understanding of commerce is limited to "trade or exchange — not all economically gainful activity that has some attenuated connection to trade or exchange" is dicta and is not relevant to the dispute before this Court.

This Court previously rejected Defendant Beaty's commerce clause argument, finding § 922(g)(3) makes it unlawful for prohibited persons to possess firearms "in or affecting commerce." And, this Court observed that this Circuit held nearly 20 years ago that Congress did not exceed its authority under the Commerce Clause by enacting § 922(g)(3). *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996); *see also United States v. Scott*, 263 F.3d 1270, 1272–74 (11th Cir. 2001); *United States v. Jordan*, 635 F.3d 1181, 1189 (11th Cir. 2011); *United States v. Williams*, 855 F. App'x 635, 636–37 (11th Cir. 2021). The undersigned reaffirms its prior finding that Congress did not exceed its authority under the Commerce Clause in passing § 922(g)(3).[5]

### III. CONCLUSION

For all these reasons, the Defendant's Motion to Dismiss Count One of the Superseding Indictment (Doc. 91) is **DENIED.**

**DONE AND ORDERED** in Orlando, Florida on July 20, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] *See also Jordan*, 635 F.3d at 1189; *United States v. Letts*, 264 F.3d 787, 789–90 (8th Cir. 2001); *United States v. Castillias*, 189 F. App'x 603, 604 (9th Cir. 2006); *United States v. Price*, 728 F. App'x 369 (5th Cir. 2018).